**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ELIZABETH GARCIA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No. 14-1254** |
| | ) |
| **ARAMARK UNIFORM SERVICES II,** | ) |
| **INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM AND ORDER

Plaintiff Elizabeth Garcia filed this action against defendants Aramark Uniform & Career Apparel, LLC, and Aramark Industrial Services, LLC ("Aramark").[1]  Plaintiff asserts a negligence claim arising from a slip and fall accident that occurred while plaintiff was working at Tyson Foods, Inc. ("Tyson") in Hutchinson, Kansas on June 25, 2012.  This matter is before the court on Aramark's Motion to Dismiss or Alternatively for Summary Judgment (Doc. 5).

### I.     Background

Plaintiff alleges in this action that Aramark provided Tyson with floor mats and that she slipped and fell on a wet floor mat while in the scope and course of her employment.  (Doc. 1-1 ¶¶ 13–15.)  Plaintiff claims that Aramark was negligent in placing the wet floor mat.  (*Id.* ¶¶ 16–17.)  After the incident, plaintiff timely filed a workers' compensation claim against Tyson.  Exactly two years after the slip and fall, plaintiff filed the instant case against Aramark.

### II.     Legal Standards

---

[1] Plaintiff also initially named as defendants Aramark Uniform Services II, Inc.; Aramark Business & Industry, LLC; Aramark Business Facilities, LLC; Aramark Facility Services, LLC; Aramark FHC Kansas, Inc.; Aramark Food Service Corporation of Kansas; Aramark Services of Kansas, Inc.; and Aramark Services, Inc., but those parties have since been terminated from this lawsuit.  (Doc. 12.)

The court will grant a 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.* "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the record's evidence and reasonable inferences in the light most favorable to the nonmoving party. *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### III.   Analysis

Aramark first argues that plaintiff failed to timely bring her negligence claim and that, as a result, this case must be dismissed. Specifically, Aramark claims plaintiff should have filed her lawsuit within one year of the underlying incident pursuant to Kan. Stat. Ann. § 44-504, which governs actions against third-parties and provides in pertinent part:

> Failure on the part of the injured worker . . . to bring such action within [one year], shall operate as an assignment to the employer of any cause of action in tort which the worker . . . may have against any other party for such injury or death, and such employer may enforce the cause of action in the employer's name or in the name of the worker . . . as their interest may appear by proper action in any court of competent jurisdiction.

Kan. Stat. Ann. § 44-504(c).  This means that an injured worker must bring suit against a third-party

tortfeasor within one year after the underlying incident, and if she fails to do so, her cause of action is

assigned to the employer, who must bring suit within two years of the injury or be barred.  *Baird v.*

*Phillips Petroleum Co.*, 535 F. Supp. 1371, 1374 (D. Kan. 1982).[2]  As pointed out in *Baird*, the statute

on its face seems to deprive an employee of her right to sue after one year has elapsed; however, this is

not the interpretation given the statute by the Kansas Supreme Court.  *Id.*  On the contrary, a number of

cases have held that the period of limitations set out in the statute does not prevent an action by an

employee after the expiration of the one-year period.  *Id.* (citing *Klein v. Wells*, 400 P.2d 1002, 1011–

12 (Kan. 1965); *Bingham v. Hillcrest Bowl, Inc.*, 392 P.2d 942, 943 (Kan. 1964); *Sundgren v. Topeka*

*Transp. Co.*, 283 P.2d 444, 448–49 (Kan. 1955)).

As the statute is interpreted, an injured worker can avoid the one-year limitation in § 44-504  by

pleading her cause of action as one for herself, her employer, and the workers' compensation insurer,

as their interests appear.  *Id.* (citing *Houk v. Arrow Drilling Co.*, 439 P.2d 146, 151 (1968)).  Plaintiff

states that she is willing to amend her complaint if ordered to do so, and Aramark does not argue it

would be prejudiced by such an amendment.

While Aramark does not argue it would suffer prejudice if plaintiff were permitted to amend

her complaint to plead the action on behalf of Tyson and its insurer, Aramark argues it is nevertheless

entitled to summary judgment because Tyson has waived any claims against Aramark and because

Tyson is obligated to indemnify Aramark for claims related to injuries to Tyson's employees.  In

support, Aramark provided the Service Agreement between Aramark and Tyson that apparently

governed the terms of Aramark's supply of floor mats and other merchandise to Tyson.  (Doc. 6-1.)

---

[2] The employer is governed by the two-year statute of limitations set forth in Kan. Stat. Ann. § 60-513.

Section 10 of the Service Agreement provides that Tyson and Aramark "waive[] all claims against each other for damages arising from interruption or postponement of service or need for service caused by reason of acts of God, strikes, lockouts or other industrial disturbances, wars, riots, arrests, explosions, fire, accidents or any other cause." (*Id.* § 10.)  Aramark claims that Tyson has waived any and all claims against Aramark and that, as a result, plaintiff has no interest to protect or assert on behalf of Tyson in this lawsuit.  (Doc. 6 at 7–8.)  Under Section 12 of the Service Agreement, Tyson agreed to "indemnify and hold harmless [Aramark] from any and all losses, claims, expenses, damages or liabilities, including reasonable attorney's fees incurred by [Aramark] as a result of [Tyson's] use or misuse or loss of the Merchandise."  (Doc. 6-1 § 13.)  Aramark asserts that permitting the lawsuit to continue would place the burden of defending such action and any potential liability back on Tyson, who (Aramark claims) contractually agreed to indemnify Aramark in the event of any loss arising out of the use of the floor mats.  (Doc. 6 at 8.)

Aramark attached the Service Agreement as an exhibit to its supporting memorandum.  (Doc. 6-1.)  However, Aramark failed to present the Service Agreement by affidavit or declaration, which is required under this court's local rules.  See D. Kan. Rule 56.1(d) ("All facts on which a motion or opposition is based must be presented by affidavit, declaration under penalty of perjury, or relevant portions of pleadings, depositions, answers to interrogatories, and responses to requests for admissions.").  In her response brief, plaintiff urges the court to deny Aramark's summary judgment motion on the basis that Aramark has relied on facts not supported by affidavit or declaration.  (Doc. 7 at 8–9.)  In doing so, plaintiff did not address the substance of Aramark's arguments regarding Tyson's purported waiver or indemnification agreement.  Only after plaintiff filed her response brief did Aramark submit a sworn affidavit verifying the content and validity of the Service Agreement.  (Doc. 11-1.)

The court agrees with plaintiff that Aramark's motion should be denied on the basis that Aramark failed to submit any admissible evidence in support of summary judgment. Moreover, even though Aramark attempted to cure the deficiency on reply, plaintiff has not had a corresponding opportunity to respond to the merits of Aramark's arguments. For example, after reviewing the Service Agreement, the court cannot determine whether Tyson in fact waived the sort of claim at issue here, as the waiver appears to pertain only to "damages arising from interruption or postponement of service or need for service," which is not the type of claim being asserted in this lawsuit. Additionally, Aramark states that Tyson "or [its] subrogated compensation insurer" have released any interest in any potential claim or lawsuit against Aramark, (doc. 6 at 7), yet Aramark never discusses or even mentions why Tyson's waiver would operate as a waiver of Tyson's worker's compensation insurance carrier.

Finally, with regard to the indemnification provision, the language may not sufficiently establish Tyson's intent to indemnify Aramark for injuries to Tyson's employees. *See, e.g.*, *Wollam v. Kennecott Corp.*, 663 F. Supp. 268, 274 (D. Utah 1987) ("[A]bsent [] an express waiver there must be express language to show an intent to indemnify against injuries to the indemnitor's employees."). As such, even if the court considered the Service Agreement, the court cannot conclude on this record that Aramark is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED** that Aramark's Motion to Dismiss or Alternatively for Summary Judgment (Doc. 5) is denied. The court notes that Aramark's summary judgment motion is denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiff is directed to amend her complaint within fourteen days to reflect the nature of her suit as being one for herself, Tyson, and Tyson's worker's compensation insurer.

**IT IS SO ORDERED.**

Dated this 21st day of January, 2015, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**